DAYTON AREA SAVINGS & LOAN COMMUNITY REDEVELOPMENT CORP., INC., Plaintiff,

v.

Mary FOREMAN, Defendant.

In the Matter of Mary FOREMAN, Debtor.

Adv. No. 3–83–0314.
Bankruptcy No. 3–83–00466.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Aug. 10, 1983.

---

Donald F. Harker, III, Dayton, Ohio, for debtor/defendant.

George W. Ledford, Trustee, Englewood, Ohio.

Harry G. Ebeling, Dayton, Ohio, for plaintiff.

CHARLES A. ANDERSON, Bankruptcy Judge.

## PRELIMINARY PROCEDURE

This matter is before the Court upon Complaint filed on 3 May 1983 requesting relief from the automatic stay of 11 U.S.C. § 362(a). The Court heard the matter at a preliminary hearing held 2 June 1983, and a final hearing held 21 July 1983. Note 11 U.S.C. § 362(e). The following decision is based upon the record, including the parties' joint pretrial order approved by the Court on 19 July 1983, and the evidence adduced. The Court also takes judicial notice of Debtor's case file, numbered 3–83–00466.

## FINDINGS OF FACT

The pertinent facts are not in dispute. Debtor purchased the subject four-unit apartment building for $21,500.00 in early April of 1982. Debtor's deed dated 12 April 1982 and a mortgage were duly recorded on 15 April 1982 to secure a loan Plaintiff made to Debtor in the principal amount of $17,200.00.

On 2 March 1983, Debtor filed a Petition under 11 U.S.C. Chapter 13. Debtor scheduled Plaintiff's claim as $1,400.00 in arrears and estimated the value of the subject real estate at $20,000.00. Debtor's Plan proposes 100% payment of Plaintiff's claim.

On 22 March 1983, Plaintiff duly filed a Proof of Claim indicating that, as of that date, the principal amount owing was $17,043.94 and interest owing was $1,972.66 for an aggregate claim in the amount of $19,016.60.

By Order dated 11 April 1983, Debtor commenced monthly payments to the Chapter 13 Trustee, conformably to this Court's standard Interim Order. To date, Debtor's Plan has not been confirmed by the Court because of the instant pending adversary proceeding.

Plaintiff filed the instant Complaint on 9 May 1983. Plaintiff prays for relief from this Court's automatic stay to enable Plaintiff to foreclose on its mortgage on the subject property. In the alternative, Plaintiff requests that this Court order Debtor to modify her Plan to require Debtor to accept an offer by a real estate dealer solicited by Plaintiff to purchase the subject apartment building for $21,500.00. A copy of the offer to purchase is attached to Plaintiff's Complaint. The Court notes that paragraph 7 of the offer to purchase provides that "this offer is to remain open for acceptance to and including the 10th day of April 1983." The Court also notes that the Complaint does not formally object to confirmation of Debtor's Plan.

Plaintiff essentially argues that Debtor does not possess equity in the subject property and that Plaintiff's secured claim is not adequately protected. Plaintiff further argues that it is "not proper to have a Four-Family Apartment in Chapter 13."

Debtor responds that there is equity in the subject property which adequately secures Plaintiff's claim. Plaintiff also emphasizes that the income from the rental units is necessary for an effective reorganization.

Two of the apartments are presently rented, one of which was rented at the day of the hearing. Debtor does not reside in the apartment building. The present aggregate monthly income from the two rented apartments is approximately $370.00. Debtor has scheduled the approximate monthly rental income, apparently based upon full occupancy, at $835.95. She testified all utilities payments are kept current.

Debtor's proposed monthly plan payments are $400.00. Debtor's Plan payments, however, are to be funded entirely by employer deduction from her salary ($924.50 monthly "take home") as a nursing assistant at the Veterans' Administration Medical Center. Debtor's payments, to date, are current conformably to this Court's Interim Order, and the Trustee has accumulated these funds without making any disbursements.

Debtor proposes that the remainder of her income be applied to current living expenses and payment of a third party's secured claim outside the plan. These expenses are estimated at $1242.00 aggregate monthly. Apparently a large portion of the rental income is applied directly to utility expenses accruing at about $225.00 monthly.

Plaintiff argues that the rental income is not proposed to be directly applied to plan payments, and therefore the property should not be deemed necessary for effective reorganization.

### DECISION AND ORDER

■ It is the determination of the Court that the instant Complaint should be provisionally denied. It appears that Debtor presently possesses marginal equity in the property, and that much of the depletion of Debtor's equity is due to the fact the instant Complaint has forestalled Chapter 13 distribution of moneys accumulated by the Trustee. The existence of equity, however, is in itself merely a threshold requirement. Instead, the critical factor in the use of collateral by a debtor is whether that debtor is capable of sustained retirement of the underlying debt.

In this case, it appears that Debtor's salary and rental income, when aggregated, approximate Debtor's aggregate payments for monthly expenses and plan payments. It is the determination of the Court that Debtor's rental income is thus not surplusage and appears, in fact, necessary to effective reorganization. Unless the Court orders otherwise, the Debtor may operate the business subject to statutory and court imposed limitations. See 11 U.S.C. § 1304(b).

■ The court is constrained to disagree with the thrust of Plaintiff's argument that the failure to fund the Chapter 13 Plan from income from the apartment business demonstrates *ipso facto* that the property is not necessary for an effective rehabilitation. The Debtor is as such also an entity and is not subject to fragmentation into a business debtor and a wage earner debtor. 11 U.S.C. § 101(12) and (14). The best interests of creditors and the feasibility of a proposed plan contemplate court scrutiny of all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1).

By the same rationale, the argument of Plaintiff bears weight in an altered context. Here the Debtor, even though funding her proposed plan by nonbusiness income, cannot thereby avoid the legal ramifications of a debtor engaged in business. She must perform the duties imposed by statute on a liquidating trustee, such as filing with the court and with governmental tax collection authorities periodic reports and financial statements of the business operations, including statements of receipts and disbursements. 11 U.S.C. §§ 704(7) and 1304(c).

Debtor's Plan proposes 100% payment of Plaintiff's claim and Debtor's payments into the Plan are current. Given these circumstances, plus the existence of equity in the property if accumulated payments are applied to the deficiency on Plaintiff's claim as provided below, it is the opinion of the Court that relief from stay should be provisionally denied if Debtor modifies her proposed Plan to provide for payment of all prepetition delinquencies upon confirmation

of the Plan, and all postpetition delinquencies conformably to the Plan when and if confirmed as feasible.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the instant Complaint is provisionally DENIED.

IT IS FURTHER ORDERED that Debtor is GRANTED ten days LEAVE to modify her present plan to provide adequate protection by payment of all prepetition delinquencies upon confirmation of the Plan, and all postpetition delinquencies on or before October 15, 1983.

' IT IS FURTHER ORDERED that the Chapter 13 Trustee is authorized to pay Plaintiff net existing funds on deposit pursuant to the Interim Order toward such payments.

IT IS FURTHER ORDERED that the Debtor file bimonthly profit and loss statements, beginning 60 days after confirmation of a Plan.